**E-Filed 2/23/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ERIN S. PEARCE, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA HOME LOANS f/k/a COUNTRYWIDE HOME LOANS, INC., <br><br> Defendant. | Case Number C 09-3988 JF <br><br> ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND <br><br> [re: document no. 11] |

Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on February 12, 2010. For the reasons discussed below, the motion will be granted, with leave to amend.

## I. BACKGROUND

This action arises out of a residential mortgage transaction. Plaintiff's principal residence is located at 925 Brookside Way, Felton, California ("the Property"). Compl. ¶ 4. On May 20, 2005, Plaintiff obtained a loan secured by the Property from Santa Cruz Mortgage Company

---

[1] This disposition is not designated for publication in the official reports.

("Santa Cruz"). The proceeds were used to pay in full pre-existing loans from Washington Mutual Bank and Homecomings Financial. Compl. ¶¶ 15, 16, 19. Plaintiff alleges that, in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, Santa Cruz failed to provide her with two completed copies of the Notice of Right to Cancel the loan ("NRC"). Compl. ¶¶ 18, 27. Plaintiff claims that instead she was provided with two unsigned NRCs that did not indicate "the date of the transaction nor the last day on which Plaintiff could exercise her right to rescind the Loan." Compl. ¶ 18. Plaintiff alleges that Santa Cruz's interest in the loan was assigned to Countrywide Home Loans, Inc. ("Countrywide") and now is owned by Defendant Bank of America Home Loans ("Defendant"). Compl. ¶ 18.

Plaintiff alleges that she tendered a Notice of Rescission to Countrywide on March 21, 2008, and that Countrywide refused to rescind the loan. Compl. ¶ 23. Plaintiff filed this action on August 28, 2009, seeking judicial rescission of the loan. Defendant filed the instant motion to dismiss on December 15, 2009.

## II. DISCUSSION

**A.    Legal Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

2

Case No. C 09-3988 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1590 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). In addition, a "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp.715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**B. Rescission Under TILA**

Plaintiff asserts a single federal claim for rescission under TILA. TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). The statute is designed "to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 705 (9th Cir. 1986) ("Congress designed [TILA] to apply to all consumers, who are inherently at a disadvantage in loan and credit transactions."). Because the statute is remedial in nature, it is to be applied broadly in favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989); *see also Plascencia v. Lending 1st Mortgage*, No. C 07-4485 CW, 2008 WL 1902698, at *3 (N.D. Cal. Apr. 28, 2008) ("TILA has been liberally construed in the Ninth Circuit." (internal quotations and citation omitted)). Thus, even "[t]echnical or minor violations" of TILA or its implementing regulations may impose liability on the creditor. *Semar*, 791 F.2d at 704 (noting also that "[t]o insure that the consumer is protected . . . [TILA and its implementing regulations must] be absolutely complied with and strictly enforced").

Defendant seeks dismissal of Plaintiff's TILA claim on two grounds. First, Defendant contends that Plaintiff's request for rescission was made outside the three-day statutory period. Second, Defendant contends that dismissal is required because Plaintiff has failed to allege that

3

Case No. C 09-3988 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

she has tendered the principal amount due on her loan, or that she presently has the ability to do so.

### 1. Expiration of Right to Rescind

Under TILA, the right of a borrower to rescind a loan transaction expires three business days after the date of the transaction. 15 U.S.C § 1635(a). Defendant contends that because the loan transaction closed in May 2005, Plaintiff's right to rescind has long since expired. However, it is undisputed that the right to rescind may be extended "[i]f the required notice or material disclosures are not delivered." 12 C.F.R. § 226.23(a)(3). Plaintiff contends that she is entitled to an extension because the NRCs she received "were materially defective in that they did not indicate either the transaction date nor the final date to rescind the Loan." Compl. ¶¶ 28, 29.

Defendant argues that Plaintiff's allegations are contradicted by Plaintiff's signature on the NRC in its files, which, according to Defendant, "serves as written acknowledgment that she received two properly executed NRCs and gives rise to a presumption that the Complaint's allegations are insufficient to overcome." (Def.'s Mot. 4:13-15.) Defendant requests judicial notice of a copy of the document in question. (*See* Def. Request for Judicial Notice ("RJN") Ex. C (copy of Notice of Right to Cancel indicating that "each of the undersigned hereby acknowledges receipt of two copies of this Notice of Right to Cancel and one copy of the Federal Truth in Lending disclosures related to this transaction," allegedly signed and dated by Plaintiff).)

The Court properly may consider documents that are referenced in the complaint. *See In re Stac Elcs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of documents whose contents are alleged in the complaint may be considered in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). However, the complaint here does not allege the contents of an *executed* NRC, which is what Exhibit C purports to be. The complaint merely alleges that Plaintiff received two NRCs "with the address of the Property printed but [with] no dates [] printed on the form[s]." Compl. ¶¶ 18, 27. As the complaint does not allege the contents of an executed NRC, Exhibit C is beyond the scope of the incorporation-by-reference doctrine. Nor are the document's existence or contents proper for judicial notice

4

pursuant to Fed. R. Evid. 201(b).

Even if the Court were to take judicial notice of the document, such written acknowledgment, as Defendant acknowledges, "does no more than create a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). While Defendant may and likely will raise this issue in a subsequent dispositive motion, written acknowledgment of the disclosure does not require dismissal of the claim.[2] Nonetheless, as discussed below, the complaint will be dismissed with leave to amend for other reasons. Under the circumstances, Plaintiff may wish to amend her complaint to plead with more particularity, if possible, the details regarding her receipt or non-receipt of executed NRCs. As it currently reads, the complaint does not state clearly that Plaintiff never received or signed the executed NRC, and while this may be permissible as a matter of pleading, there is little to be gained from pursuing an action if Plaintiff cannot prove a fact essential to her claim.

This result is not inconsistent with the holdings in the three California district court cases relied upon by the Defendant. In two of the cases, the *plaintiffs* attached copies of completed and signed NRCs to their complaints. *Balderas v. Countrywide Bank, N.A.*, No. 09cv564-MMA(JMA), 2009 WL 4783142, at *3 (S.D. Cal. Dec. 10, 2009) ("Plaintiffs' (sic) also attach a completed Notice of Right to Cancel to the FAC, which includes the date of the transactions and the right-to-cancel-by dates, and is signed, initialed, and dated by both Mr. and Mrs. Balderas."); *Anderson v. Countrywide Financial*, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *2 (E.D. Cal. Oct. 16, 2009) ("Although Plaintiff has a TILA claim premised on Wilson Resources, Inc.'s failure to give her two signed NRCs for the loan, Exhibit C attached to Plaintiff's complaint is an NRC that Plaintiff signed and modified."). In the third case, the court did not discuss how or why it considered the signed NRCs offered by Defendants but focused instead on Plaintiff's failure to oppose the motion to dismiss. *Garza v. Amer. Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 1139594, at *3 (E.D. Cal. Apr. 28, 2009) ("This Court

---

[2] Defendant also seeks judicial notice of several other documents, including the Adjustable Rate Note and Deed of Trust. Because disposition of the instant motion only requires the Court to rule on Defendant's request for judicial notice of the purported executed NRC, the Court declines to rule on Defendant's request as to the other documents.

5

construes Ms. Garza's lack of timely opposition as her concession that she is unable to rebut the prima facie case of cancel notice delivery. In the absence of a dispute as the cancel notice's authenticity, defendants are entitled to dismissal of Ms. Garza's rescission claim.")

### 2. Failure to Allege Present Ability to Tender

Defendant also contends that Plaintiff fails to state a claim for rescission under TILA because she has not alleged that she has the present ability to tender the loan proceeds. Plaintiff argues that she does not have to make such an affirmative allegation in order to proceed on her rescission claim. Although the Ninth Circuit has not addressed this issue directly, it has held that a court *may* require a borrower seeking rescission of a mortgage transaction under TILA to demonstrate the ability to tender the loan proceeds. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1168 (9th Cir. 2003) (holding that it is within a district court's "discretion to condition rescission on tender by the borrower of the property he had received from the lender") (internal quotation marks and citation omitted).

District courts within the circuit have adopted varying interpretations of *Yamamoto*. A number of them have extended *Yamamoto* to hold that a claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds. *See, e.g.*, *Del Valle v. Mortg. Bank of California*, No. CV-F-09-1316 OWW/DLB, 2009 WL 3786061, at *8 (E.D. Cal. Nov. 10, 2009); *Garcia v. Wachovia Mortg. Corp.*, No. 2:09-cv-03925-FMC-FMOx, 2009 WL 3837621, at *3 (C.D. Cal. Oct. 14, 2009); *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488 *1 (W.D. Wash., May 22, 2009); *Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (granting motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received"). Others courts have held, however, that failure to plead ability to tender affirmatively is not fatal to a TILA rescission claim. *See, e.g.*, *Singh v. Wash. Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, at *4 (N.D. Cal. Aug. 19, 2009) ("Notably, *Yamamoto* does not hold that a *claim* for rescission cannot survive a motion to dismiss until the right to rescind is adjudicated in the plaintiff's favor."); *ING Bank v. Ahn*, No. C 09-995 THE, 2009 WL

6

2083965, at *2 (N.D. Cal. July 13, 2009) (noting that "*Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded.  Rather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance."); *Pelayo v. Home Capital Funding*, No. 08-CV-2030 IEG (POR), 2009 WL 1459419, at *7 (S.D. Cal. May 22, 2009) (rejecting argument that, under *Yamamoto*, claim for rescission was subject to dismissal where plaintiff "failed to offer tender in the complaint of the funds she borrowed"); *Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB), 2009 WL 514254, at *3 (S.D. Cal. Mar. 2, 2009) (holding "[t]ender by the borrower is not always a precondition to rescission and does not have to be pled to state a claim for rescission"); *Burrows v. Orchid Island TRS, LLC*, No. 07CV1567-BEN (WMC), 2008 WL 744735, at *6 (C.D. Cal. Mar.18, 2008) (rejecting, on motion to dismiss, defendant's argument that "there [was] no evidence" that plaintiff could return loan proceeds).

This Court finds the second line of cases more persuasive to the extent that they appear to be more consistent with the liberal pleading standard of Fed. R. Civ. P. 8.  At the same time, the Court agrees with the reasoning of the first line of cases that "it was not the intent of Congress to reduce the mortgage company to an unsecured creditor," *Del Valle*, 2009 WL 3786061 at *8, and that "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received," *Garza*, 2009 WL 188604 at *5.

Accordingly, the Court will exercise the discretion conferred upon it by *Yamamoto* to require that Plaintiff allege either the present ability to tender the loan proceeds or the expectation that she will be able to tender within a reasonable time.[3]  At the end of the day, Plaintiff "will not be entitled to rescission" unless she can tender the principal balance of the loan.  *See Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.,* No. 09-3365 EMC, 2009 WL 4507742 (N.D. Cal. Dec. 1, 2009).  It makes little sense to let her rescission claim proceed

---

[3] For example, a TILA plaintiff might be able to allege that while she lacks the liquidity to tender the loan proceeds at the time she files the rescission claim, she has sufficient equity in the home and a willingness to sell that would render it likely that she could tender the loan proceeds if given a reasonable period of time.

7

absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources.

### III. ORDER

The motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended pleading must be filed within twenty (20) days of the date of this order.

DATED: February 23, 2010

_____
JEREMY FOGEL
United States District Judge