**E-Filed 6/8/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ERIN S. PEARCE,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA HOME LOANS f/k/a COUNTRYWIDE HOME LOANS, INC.,<br><br>        Defendant. | Case Number C 09-3988 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[re: document no. 11] |

Defendant moves to dismiss the instant action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on May 28, 2010. For the reasons discussed below, the motion will be granted, with leave to amend.

## I. BACKGROUND

This action arises out of a residential mortgage transaction. Plaintiff's principal residence is located at 925 Brookside Way, Felton, California ("the Property"). (First Am. Compl. ("FAC") ¶ 4.) On May 20, 2005, Plaintiff obtained a loan secured by the Property from Santa

---

[1] This disposition is not designated for publication in the official reports.

1  Cruz Mortgage Company ("Santa Cruz"). (FAC ¶ 15.) The proceeds were used to pay in full
2  pre-existing loans from Washington Mutual Bank and Homecomings Financial. (FAC ¶¶ 15, 16,
3  18.) Plaintiff alleges that, in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et*
4  *seq.*, Santa Cruz failed to provide her with two completed copies of the Notice of Right to Cancel
5  the loan ("NRC"). (FAC ¶¶ 17, 26.) Plaintiff claims that instead she was provided with two
6  unsigned NRCs that did not indicate "the date of the transaction nor the last day on which
7  Plaintiff could exercise her right to rescind the Loan." (FAC ¶ 17.) Plaintiff alleges that Santa
8  Cruz's interest in the loan was assigned to Defendant Countrywide Home Loans, Inc.
9  ("Countrywide" or "Defendant"). (FAC ¶ 20.)

10  Plaintiff alleges that she tendered a notice of rescission to Countrywide on March 21,
11  2008, and that Countrywide refused to rescind the loan. (FAC ¶ 22.) Plaintiff filed this action in
12  state court on August 28, 2009, seeking judicial rescission of the loan. Following removal to this
13  Court, Defendant moved to dismiss the complaint. On February 23, 2010, the Court granted
14  Countrywide's motion to dismiss with leave to amend. Plaintiff filed the FAC on March 11,
15  2010, and Countrywide filed the instant motion to dismiss on March 25, 2010.

16  **II.   DISCUSSION**

17  **A.   Legal Standard**

18  A motion to dismiss is proper under Rule 12(b)(1) where the Court lacks jurisdiction over
19  the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). The court presumes a lack of
20  subject matter jurisdiction until the plaintiff meets her burden establishing subject matter
21  jurisdiction. Fed. R. Civ. P. 12(b)(1); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
22  375, 378 (1994). The non-moving party must support its allegations with competent proof of
23  jurisdictional facts when a party moves for dismissal under Rule 12(b)(1). *See Thomson v.*
24  *Gaskill*, 315 U.S. 442, 446 (1942).

25  When granting a motion to dismiss under Rule 12, a court must grant leave to amend
26  unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't*
27  *of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however,
28  dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

### B. Rescission Under TILA

Plaintiff asserts a single federal claim for rescission under TILA based on Defendant's alleged failure to provide her with completed NRCs. (FAC ¶ 17; *see* 15 U.S.C. § 1635; 12 C.F.R. § 226.23 ("Regulation Z").) Section 1635(f) states that the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Defendant argues that Plaintiff's TILA claim is barred by this three-year statute of repose because the loan was consummated in May 2005, but Plaintiff did not commence the instant action until August 2009. It relies upon the Supreme Court's holding in *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), that TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Beach*, 523 U.S. at 419. Defendant also relies on the Ninth Circuit's ruling in *Miguel v. Country Funding Corporation*, 309 F.3d 1161 (9th Cir. 2002). In that case, the court, relying on *Beach*, held that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel*, 309 F.3d at 1164.

Plaintiff agrees with Defendant that Section 1635(f) is a statute of repose, but she contends that the relevant act for the purpose of the statute is a plaintiff's rescission demand, not the filing of a lawsuit seeking rescission. Accordingly, Plaintiff maintains that Section 1635(f) does not bar the present action because she demanded rescission of the loan by letter on March 21, 2008. She argues that *Beach*'s conclusion that "[t]he *subsection says nothing in terms of bringing an action* but instead provides that the 'right of rescission [under the Act] shall expire' at the end of the time period," *Beach*, 523 U.S. at 417 (emphasis added), supports her reading of 1635(f). Plaintiff also claims that this reading of the statute of repose is consistent with Section 1635(a), which provides that a borrower "shall have the right to rescind the transaction . . . by notifying the creditor, in accordance with the regulations of the [Federal Reserve] Board, of his intention to do so." 15 U.S.C. § 1635(a). The governing regulations provide that "[t]o exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23.

3

Plaintiff further contends that despite its broad statement with respect to subject matter jurisdiction and claims under Section 1635(f), "the court in *Miguel* was only considering whether or not the three-year period expired when no rescission demand had been sent to the creditor within that period." (Pl.'s Opp'n 5.)   She argues that *Miguel* "expressly noted" that a rescission demand is sufficient to satisfy the statute, quoting the following language:

> Miguel argues that she should have been allotted an additional year in which to file suit after the expiration of the three-year period afforded by the statute.  **While Miguel is correct that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit**, that is not the issue before us.  Rather the issue is whether her cancellation was effective even though it was not received by the Bank–the creditor–within the three-year statute of repose.

*Miguel*, 309 F.3d at 1165 (emphasis added by Plaintiff); *see* Pl.'s Opp'n 5.

The plaintiff in *Miguel* did not notify the appropriate creditor of her rescission within the statutory period before filing suit against it after the period ended. *Miguel*, 309 F.3d at 1165 ("[T]he issue is whether her cancellation was effective even though it was not received by the Bank-the creditor-within the three-year statute of repose.  We hold that it was not. While the Bank's servicing agent, Countrywide, received notice of cancellation within the relevant three-year period, no authority supports the proposition that notice to Countrywide should suffice for notice to the Bank.").  Plaintiff and Defendant disagree over the relevance of this fact as it relates to *Miguel*'s statement with respect to Section 1635(f) and subject matter jurisdiction.

The federal courts that have addressed this issue, including several district courts in the Ninth Circuit, have failed to reach a consensus.  Some courts accept Defendant's position that notification within the statutory period is irrelevant if the plaintiff does not initiate a lawsuit within the period.  For example, in *Sam v. American Home Mortgage Servicing*, No. CIV. S-09-2177 LKK/KJM, 2010 WL 761228 (E.D. Cal. Mar. 3, 2010), the court dismissed the plaintiffs' TILA claim for rescission despite their allegation that they had sent notice of rescission within the statutory period, reasoning that "sending a 'notice of rescission within the three year period is irrelevant' to whether plaintiffs filed a claim seeking rescission. (citation omitted)  Rather, plaintiff must file a complaint seeking rescission before the statute of repose expires." *Sam*, 2010 WL 761228, at *2; *see also, e.g.*, *Gates v. Wachovia Mortg., FSB*, No.

1  2:09-cv-02464-FCD/EFB, 2010 WL 902818, at *4 (E.D. Cal. Feb. 19, 2010) ("[I]f the borrower
2  files his or her suit over three years from the date of a loan's consummation, a court is powerless
3  to grant rescission. (citations omitted) . . . If a borrower exercises her right to rescind within the
4  three-year limitation period, such action only entitles the borrower to damages, not rescission."
5  (citations omitted)); *Falcocchia v. Saxon Mortg., Inc.*, — F. Supp. 2d —, 2010 WL 582059 (E.D.
6  Cal. Feb. 12, 2010) (granting the defendant's motion to dismiss the plaintiffs' TILA rescission
7  claim where "plaintiffs did not file a claim seeking rescission within the three year period, this
8  period cannot be tolled, and plaintiffs' allegation that they sent a notice of rescission within the
9  three year period is irrelevant").

10  Other courts have reached the opposite conclusion. For example, in *Santos v.*
11  *Countrywide Home Loans*, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710 (E.D. Cal. Aug.
12  14, 2009), the court, after acknowledging the lack of consensus on the issue, observed:

13  > The question before the Ninth Circuit in *Miguel* was not whether a
14  > plaintiff who had timely given notice could file suit outside the three year
15  > limitations period, but rather whether a plaintiff who had not timely given notice
> to the correct Defendant could substitute said Defendant outside the three year
> limitations period. *Miguel* is therefore not controlling on the issue before the
16  > court. The court finds that if Plaintiff–the borrower–had provided notice prior to
> the end of the limitations period on December 21, 2008, and Defendant–the
> creditor–did not properly respond to that notice, Plaintiff could file suit after the
17  > end of the three year period of repose but within the one year limitations period
> borrowed from Section 1640.
18

19  *Santos*, 2009 WL 2500710, at *5; *see also Johnson v. Mortgage Elec. Registration Sys.*, 252 Fed.
20  Appx. 293, 294 (11th Cir. 2007) (*per curiam*) (acknowledging that "[a] borrower can trigger
21  rescission 'solely by notifying the creditor within set time limits of [her] intent to rescind"
22  (citation omitted), but affirming grant of summary judgment where notification was sent "exactly
23  three years and six months after the closing of [the plaintiff's] loan"); *Scherzer v. Homestar*
24  *Mortg. Servs.*, Civil Action No. 07-5040, 2010 WL 1947042, at *11 (E.D. Pa. May 7, 2010)
25  ("[N]either the statute nor the regulation requires the filing of suit within the time period, and
26  neither differentiates between the notice required to invoke rescission within the three-day or the
27  three-year period. Accordingly, if written notice is sufficient to rescind within three days, it is
28  sufficient to rescind within three years if, in fact, the three-year period is applicable. I . . .

1  conclude that written notice within the three year period is sufficient to timely exercise the right
2  to rescind.").

3        This Court finds the second line of cases more persuasive than the first in that they are
4  more consistent with the statutory language and the Supreme Court's interpretation of the statute
5  in *Beach*. As Plaintiff and the cases she cites recognize, both the language of the statute and
6  *Beach*'s interpretation of that language suggest strongly that the statute of repose applies to the
7  right of rescission under TILA and not the filing of a lawsuit. *See* 15 U.S.C. 1635(f) ("An
8  obligor's *right of rescission shall expire* three years after the date of consumation of the
9  transaction or upon the sale of the property . . .) (emphasis added); *Beach*, 523 U.S. at 417
10 ("[Section 1635(f)] *talks not of a suit's commencement but of a right's duration*, which it
11 addresses in terms so straightforward as to render any limitation on the time for seeking a remedy
12 superfluous." (emphasis added)). Moreover, the court in *Miguel* implied, without deciding, that
13 the plaintiff's demand for rescission would have satisfied the statute of repose had it been made
14 on the correct defendant. *Miguel*, 309 F.3d at 1165 ("[T]he issue is whether [the plaintiff's]
15 cancellation was effective even though it was not received by the Bank–the creditor–within the
16 three-year statute of repose. We hold that it was not. While the Bank's servicing agent,
17 Countrywide, received notice of cancellation within the relevant three-year period, no authority
18 supports the proposition that notice to Countrywide should suffice for notice to the Bank.").

19       Even accepting that Plaintiff's demand was sufficient to satisfy 1635(f), the Court must
20 still determine whether the instant suit was timely filed. All of the courts that have determined
21 that notice is sufficient to satisfy the statute of repose also have found that the plaintiff must
22 bring the claim within one year of the creditor's denial or failure to respond. *See, e.g.*, *Johnson*
23 *v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 40 (D.D.C. 2006) ("If the
24 borrower exercises her right of rescission during this extended period, the creditor's denial of
25 rescission or its failure to properly respond to the rescission within 20 days after receipt of notice
26 gives rise to a potential violation under TILA and commences the running of TILA's one year
27 statute of limitations."); *Sherzer*, 2010 WL 1947042, at *11 ("The question then becomes how
28 long the debtor has after sending the notice of rescission to file suit. . . . Several courts to have

confronted this issue, guided by the statute of limitations for filing a claim for damages arising from the failure to rescind, have adopted a one-year statute of limitations."). Here, Plaintiff alleges that she notified Countrywide of her rescission on March 21, 2008, and that Countrywide has failed to rescind. (FAC ¶¶ 22, 29-32.) It is undisputed that this action was not commenced until August 29, 2009. Accordingly, absent tolling, Plaintiff's rescission claim became untimely sometime in the spring of 2009, well before she filed suit at the end of August.

Plaintiff alleges that Countrywide "agreed, in writing, to toll the statute of limitations with respect to her Truth-in-Lending Act claims. The agreement to toll the statute of limitation expired on August 30, 2009." (FAC ¶ 23.) However, even assuming that the letter, submitted to the Court by Defendants, constitutes a valid tolling agreement, that letter does not establish the timeliness of Plaintiff's TILA claim for rescission. The allegations in the complaint together with the letter agreement establish at most that the statute of limitations was tolled from July 1, 2009, the date of the letter, until August 30, 2009.

Plaintiff's counsel represented to the Court at oral argument that the July 1 letter agreement was merely the latest in a series of successive tolling agreements between the parties that began in the spring of 2009. To the extent that these agreements would render the August 2009 filing of the suit timely, Plaintiff shall have leave to amend to allege their existence with specificity.

### III. ORDER

The motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended pleading must be filed within twenty (20) days of the date of this order.

DATED: June 8, 2010

_____
JEREMY FOGEL
United States District Judge